## BUMPUS v. COBB et al.
### No. 3884.

Court of Civil Appeals. of Texas. El Paso.
Dec. 21, 1939.

Rehearing Denied Jan. 11, 1940.

Wynne & Wynne, of Longview, for appellant.

H. M. Harrington and Harrington & Harrington, all of Longview, for appellees.

WALTHALL, Justice.

In 1931, Celia Cobb and others, appellees here, brought this suit in the District Court of Gregg County, Texas, against Raymond Bumpus, appellant here, and others. The suit was in trespass to try title to the lands therein described. The suit primarily was to establish title and the right of possession to the lands involved in plaintiffs and to cancel certain oil and gas leases on said lands claimed by Raymond Bumpus, to have a receiver appointed for said properties described with powers described, and with such further orders as may be given during the receivership.

The trial court appointed J. Malcolm Crim receiver.

The disputed matters as to title to said property were tried; judgment on the merits of the original litigation in the suit was in all things affirmed on appeal by the Court of Civil Appeals at Texarkana (Bumpus .v. Cobb, 71 S.W.2d 925); the mandate was issued and filed in the trial court; the trial court entered an order in conformity with the mandate, directing the receiver, during the receivership, to pay to Celia Cobb $^{40}/_{72}$nds of the bonus and oil payment impounded moneys as received.

This appeal is prosecuted by Raymond Bumpus from the final judgment of the trial court closing the receivership proceeding, and in which Raymond Bumpus claims he was denied full relief; in that he was denied a money judgment against H. M. Harrington, one of the attorneys for appellees, in the distribution of the money under the receivership.

The circumstances under which Bumpus claims a judgment against attorney H. M. Harrington are not in dispute and are substantially as follows:

The evidence and the record entries pertinent to the matter at issue, in addition to what has been stated above are lengthy, and we state from the record as briefly as possible and in substance only the following:

On February 21, 1936, and while the case was in court, and the property in the hands of the receiver, appellee Celia Cobb, through her attorney, H. M. Harrington, obtained from the trial court the following order:

"On this the 21st day of February, 1936, came on to be heard the application of Celia Cobb to draw down funds in the hands of receiver and for an order directing the receiver, J. Malcolm Crim, to pay to her order the sum of $5,000.00; and, it appearing to the court that the receiver now has on hand in excess of $5,000.00 belonging to said Celia Cobb, and that she is entitled to withdraw said sum at this time:

"It is therefore ordered, adjudged and decreed by the court that said receiver, J.

724

Malcolm Crim, pay to H. M. Harrington, attorney of record for Celia Cobb, for her use and benefit, the sum of $5,000.00 out of funds now in his hands.

"Will E. Hurst, Judge Presiding."

The $5000 was paid by the receiver to Harrington, and he in turn gave the entire amount to Celia Cobb.

On October 5, 1936, Bumpus filed in said cause a motion whereby he sought in effect to have the $5000 returned to the custody of the receiver. Service of the motion was had on Celia Cobb and H. M. Harrington.

Celia Cobb, by her attorneys, Harrington & Harrington, filed her answer to the motion. The answer is lengthy and we think we need not state its substance, more than to say that it contained a history of the suit and made no denial of receiving the money from the receiver under the order of the court.

The receiver also filed his final report as receiver, and in the report referred to the order of the court directing the payment of the $5000 to Celia Cobb, and that in response to said order he had made such payment.

Bumpus filed a supplemental motion reciting in effect the sums of money paid him and showing that $4,302.86 was still due him, and that if the $5000 was paid to Celia Cobb and Harrington, it was paid without notice and was unauthorized, and asked that he have judgment that the receiver pay him the money, and in the alternative that the receiver be directed to pay him a stated balance in the hands of the receiver, and the balance due him at the end of the litigation between the receiver and Celia Cobb and her attorney, H. M. Harrington.

The court heard the evidence on the motions and on November 1, 1938 rendered judgment on the final account of the receiver.

The judgment recites that plaintiffs, Celia Cobb and others, appeared through their attorneys of record, Harrington & Harrington, then recites the appearance of Bumpus and the receiver. The judgment then recites that the court then proceeded to audit and consider the receiver's report and account, "as well as the motion of the defendant, Raymond Bumpus, for the receiver to pay to Raymond Bumpus the sums of money heretofore adjudged to be property of Raymond Bumpus by the judgment of this court, and also to consider the respond-

ent's answer, as filed herein by the respondent Celia Cobb and her attorney, H. M. Harrington." The court then in the judgment in auditing the receiver's report considered matters not pertinent to matters here, and to which we make no reference.

The court then in the judgment referred to the order the court had theretofore given to the receiver to pay Celia Cobb the $5000, and said "The court finds that H. M. Harrington did not personally receive any of the money after he cashed the check which the receiver had issued." The court further said, "the order was signed by the court under the mistaken belief that the receiver held the sum of $5000 to the Celia Cobb 40/92nd interest," and the court was further of the opinion that "the receiver paid said money in good faith and in reliance upon the order of the court and the representations of the attorney of Celia Cobb as to the money on hand to cover the various judgments," and held that the receiver "should not be liable unless he can secure the money back from Celia Cobb, and the said Celia Cobb is directed to pay the money back to the receiver."

The court later in the judgment directed the receiver to pay a balance of money on hand to Bumpus, approved the report and final account of the receiver, entered an order that the receiver and his bondsmen be discharged, and that the balance of the money recovered by Bumpus in the former judgments and delivered to the receiver, "shall only be payable to the said Raymond Bumpus in the event the said receiver should receive the same from Celia Cobb."

The trial court further in the judgment said: "It is further ordered, adjudged and decreed by the court that, as the respondent H. M. Harrington delivered all of said $5000.00 to Celia Cobb and her representative after he cashed the check of the receiver, neither the receiver nor the defendant Raymond Bumpus are entitled to recover anything of the said H. M. Harrington, respondent, and that the said H. M. Harrington be discharged with his costs."

To the above action of the court the appellant excepted and duly prosecutes this appeal.

Appellant filed one assignment of error, and thereunder presents one proposition. The contention of appellant is to the effect that the trial court was in error in refusing appellant recovery against Harrington for $2,658.97, that being the money due appel-

lant under the undisputed facts in the statement of the case; that appellant was prevented and hindered from receiving the money due him by reason of Harrington's action in securing the court to issue the order to the receiver to pay his client the $5000, or as much of it as he was entitled to receive, referred to in the statement of the facts.

We have concluded that in considering the disposition to be made of the case we need not consider or discuss the circumstances under which money paid out may be required to be returned or paid back. Harrington did not receive the $5000, or any part of it, from Bumpus. There was no contractual relation between Bumpus and Harrington as to the money. Harrington was not a party to the suit and his relation to the court in the suit was that of an attorney to one of the litigants in the suit. The record shows that what he did in the matters pertaining to the suit was done for his client, Celia Cobb, and not for himself; he received the money from the receiver for his client on the order from the court; the court made the order for such payment on the application of Celia Cobb for the money in the hands of the receiver and that the order for the money be directed to the receiver, and to be paid to her by the receiver as money belonging to her and which she was entitled to withdraw from the receiver; the order was so written and a check payable to Celia Cobb and to H. M. Harrington, given by the receiver to Harrington, as attorney of record for Celia Cobb. The record shows and the court found that Harrington gave all of the money to Celia Cobb, retaining none of it.

 Where money is improperly withdrawn from the hands of the receiver, the court, no doubt, can, and in this instance did, inquire into the matter, and if improperly withdrawn, require that it be returned to the receiver. The court, acting on a motion of Bumpus, made such inquiry, heard the evidence and entered the orders referred to above, in which the court adjudged that the receiver, for the use and benefit of Bumpus, recover from Celia Cobb a part of the $5000, with interest, and for which the receiver and Bumpus should have their writs and process for the enforcement of the judgment.

But no such order, judgment or decree was made or rendered as to Harrington. The court made no order by which Harrington was directed to return the money or any part of it to the receiver, or was made liable for the receiver or to Bumpus for any part of the money.

If Harrington is liable to Bumpus for any part of the money it must be by reason of the facts found in the statement of facts and not by reason of any finding, judgment or decree of the trial court.

An appeal is prosecuted from a final judgment. We doubt that the record shows such finality of judgment as to Harrington from which this appeal will lie. But without discussing or deciding the question of the finality of the judgment alone, we have concluded that the record does not show such prosecution of a cause of action by Bumpus against Harrington as would justify the court in rendering a judgment in favor of Bumpus against Harrington, and for that reason the case must be affirmed, and it is so ordered.

The costs of this suit of Bumpus against Harrington are taxed against the appellant, Bumpus.

Affirmed.